UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRETT PENDARVIS, on behalf of
himself and those similarly
situated,

        Plaintiff,

vs.    CASE NO.: 6:14-cv-757-ORL-37-GJK

A.M. COVELLI COMPANY, INC.,
d/b/a PANERA BREAD, a Florida
For Profit Corporation,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRETT PENDARVIS, on behalf of himself and those similarly situated, was an employee of Defendant, A.M COVELLI COMPANY, INC., d/b/a PANERA BREAD, a Florida for profit corporation ( hereinafter "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

I.    NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages, oppressive working hours, and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and

general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay a statutory minimum on time may be so detrimental to the maintenance of a minimum standard of living necessary for health, efficiency, and general well-being of workers and the free flow of commerce that double payment must be made in the event of delay in order to ensure the restoration of workers to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, declaratory relief, and reasonable attorneys' fees and costs.

II. PARTIES

2. Plaintiff was an hourly paid employee working as a senior baker at Defendant's property within the last three years and performed related activities for Defendant in Orange County, Florida.

3. Plaintiff worked for Defendant in this capacity from approximately December 2012 through the present date.

4. Defendant, A.M. COVELLI COMPANY, INC., is a Florida corporation that operates and conducts business in, among others, Orange County, Florida and is therefore, within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

6. This action is intended to include each and every hourly paid employee who worked for Defendant within the last three years (2010 – 2014) who was also subject to the same pay violations complained of by the Plaintiff and as detailed below.

III. JURISDICTION

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

8. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

IV. COVERAGE

9. At all material times relevant to this action (2010-2014), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

10. At all material times (2010 – 2014), Defendant was an employer as defined by 29 U.S.C. §203(d).

11. At all material times (2010-2014), Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the Act, in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as computer and office equipment, office supplies and telephones, cash registers and other restaurant equipment, food and beverages, etc.

12. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendant by virtue of handling goods and materials that had

previously been moved in commerce such as food ingredients, baking supplies and equipment, bakery packaging materials, service-wear and utensils, etc. as a regular and integral part of his job duties.

13. At all material times (2010-2014), Defendant had and continues to have, an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

V. FACTUAL ALLEGATIONS

14. Defendant owns and operates a company in the business of providing food and beverages to its customers.

15. Plaintiff, BRETT PENDARVIS, on behalf of himself and those similarly situated, was employed by Defendant as a senior baker at various store locations throughout Orange County and the surrounding area.

16. Plaintiff worked in this capacity from approximately December 2012 through the date of this filing.

17. Defendant agreed to pay Plaintiff, and those similarly situated employees, wages for work performed by them.

18. Plaintiff and others similarly situated accepted this agreement and did work for Defendant.

19. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209 because Plaintiff, and those similarly situated, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff

or those similarly situated employees for those hours worked in excess of forty (40) within a work week, and to ensure that Plaintiff and other similarly situated employees were paid their complete wages.

20. During his employment with Defendant, Plaintiff and other similarly situated employees were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks and/or was not paid their complete wages.

21. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above as though fully stated herein.

23. Plaintiff and those similarly situated employees are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

24. During his employment with Defendant, Plaintiff and other similarly situated employees worked overtime hours but were not paid time and one-half compensation for those hours.

25. Specifically, Plaintiff and those similarly situated were paid at their straight time rate of pay for all hours worked without any additional compensation at the rate of time and one half their regular rate of pay for those hours worked in excess of forty

(40) within a work week.

26. In addition, Plaintiff and other similarly situated employees were required to attend monthly meetings and were not paid anything whatsoever for time spent attending the required meetings.

27. Moreover, Plaintiff and other similarly situated employees were not paid anything of any kind for time spent traveling between Defendant's locations when directed to perform their job duties at other locations throughout the day.

28. Upon information and belief, time spent by Plaintiff and those similarly situated employees attending required meetings and traveling between Defendant's locations would have resulted in overtime hours if they had been properly credited as time worked.

29. Defendant's activities in this regard resulted in Plaintiff and those similarly situated employees not being paid and/or not receiving proper credit and pay for overtime hours worked on behalf of the Defendant.

30. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff and other similarly situated employees.

31. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff and those similarly situated employees.

32. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and other similarly situated employees time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the other similarly situated employees have suffered

damages plus incurring reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

34. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRETT PENDARVIS, on behalf of himself and those similarly situated, demands judgment against Defendant for the payment of all overtime hours at one and one-half times their regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages or if liquidated damages are not awarded then pre-judgment and post-judgment interest at the highest rate allowable by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - DECLARATORY RELIEF

35. Plaintiff readopts and reincorporates all allegations contained in paragraphs 1-21 above as though fully stated herein.

36. Plaintiff, on behalf of himself and those similarly situated, and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

37. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201-2202.

38. Plaintiff, on behalf of himself and those similarly situated, may obtain declaratory relief.

39. Defendant employed Plaintiff and other similarly situated employees.

40. Defendant is an enterprise.

41. Plaintiff and other similarly situated employees are/were individually covered by the FLSA.

42. Defendant failed to pay Plaintiff and other similarly situated employees for all hours worked.

43. Plaintiff and other similarly situated employees are entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

44. Defendant did not keep accurate time records pursuant to 29. U.S.C. §211(c) and 29 C.F.R. Part 516.

45. Defendant did not rely upon a good faith defense.

46. Plaintiff and the other similarly situated employees are entitled to liquidated damages.

47. It is in the public interest to have these declarations of rights recorded.

48. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

49. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to this proceeding.

50. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRETT PENDARVIS, on behalf of himself and those similarly situated, demands a declaration of rights finding that an employer/employee relationship existed, Plaintiff and other similarly situated employees worked hours

over forty (40) in a work week without receiving correct overtime pursuant to the FLSA, Defendant failed to prove a good faith defense, Plaintiff and other similarly situated employees are entitled to overtime, liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the FLSA.

Dated this 30th day of April, 2014.

_____
Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 425-8171
Email:       CLeach@forthepeople.com
Attorneys for Plaintiff